**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4449**

─────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

ANTHONY TREVINO PATE,

             Defendant – Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00478-NCT-3)

─────────

Submitted:  April 13, 2009              Decided:  May 4, 2009

─────────

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

C. Scott Holmes, BROCK, PAYNE & MEECE, PA, Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Trevino Pate was charged with conspiring to distribute fifty grams or more of a mixture or substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 846 (2006) (Count One), distribution of .2 grams of crack cocaine on May 9, 2005 (Count Two), distribution of .3 grams of crack cocaine on October 19, 2005 (Count Thirteen), and distribution of 7.9 grams of crack cocaine on November 1, 2005 (Count Fourteen), all in violation of 21 U.S.C. § 841(a)(1), (b)(1) (2006). The jury convicted Pate of all four counts and found the drug amounts as alleged except for Count One. With respect to Count One, the jury found Pate guilty of conspiring to distribute 12.6 grams of crack cocaine. At sentencing, the district court determined Pate was responsible for 50.4 grams of crack cocaine and sentenced him to 212 months' imprisonment.

On appeal, Pate first argues that his conspiracy conviction must be overturned because he was charged with a single conspiracy but the Government's evidence established multiple conspiracies. A variance occurs where the evidence presented at trial differs materially from the facts alleged in the indictment. United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994). "Whether there is a single conspiracy or multiple conspiracies, . . . is a question of fact for the jury and we must affirm its finding of a single conspiracy unless the

2

evidence, taken in the light most favorable to the government, would not allow a reasonable jury to so find." United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994) (quoting United States v. Urbanik, 801 F.2d 692, 695 (4th Cir. 1986)). Also, a reversal is proper on variance grounds only if the variance infringed the appellant's substantial rights and resulted in actual prejudice. Kennedy, 32 F.3d at 883. To show actual prejudice from a multiple conspiracy variance, the appellant must show that there were so many defendants and conspiracies before the jury as to make it likely the jury would transfer evidence of the guilt of the members of one conspiracy to a defendant who was not involved in that conspiracy. Id.

We have reviewed the record and determine that the evidence at trial, viewed in the light most favorable to the Government, fully supports the jury's verdict on the conspiracy count. Moreover, the fact that the jury asked during deliberations whether Pate could be convicted of conspiring with persons not named in the indictment and its finding of less than the fifty grams of crack cocaine alleged in Count One does not establish a fatal variance. See United States v. Powell, 469 U.S. 57, 64-65, 67 (1984). Additionally, because he stood trial alone, Pate cannot establish actual prejudice from any variance between the indictment and the evidence. Kennedy, 32 F.3d at 884 (citing United States v. Anguiano, 873 F.2d 1314,

3

1318 (9th Cir. 1989). Accordingly, Pate's variance claim is without merit.

Pate also challenges the district court's determination of the drug amounts attributable to him for sentencing. The district court's determination of the drug amount for which a defendant is responsible is a factual issue reviewed for clear error. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). Accordingly, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). At sentencing, the Government need only establish the amount of drugs involved by a preponderance of the evidence. United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). This court will afford the district court "broad discretion as to what information to credit in making its calculations." Cook, 76 F.3d at 604 (citing United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993) (internal quotations omitted)). A district court need only determine "that it [is] more likely than not that the defendant was responsible for at least the drug quantity attributable to him." United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004) (citing Cook, 76 F.3d at 604 (emphasis in the original)). Our review of the record leads us to conclude that Pate fails to demonstrate that the

4

district court clearly erred in holding him accountable for 50.4 grams of crack cocaine.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5